UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATIONSTAR MORTGAGE LLC,

                Plaintiff,

   -against-

KEVIN HARRIGAN, and JOHN DOE,

                Defendants.
----------------------------------------------------------X

For Online Publication Only
FILED
CLERK
3/29/2016 2:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
15-CV-2218 (JMA) (ARL)

**AZRACK, United States District Judge:**

Currently pending before the Court is plaintiff Nationstar Mortgage LLC's motion to remand this removed action back to state court. For the reasons stated below, plaintiff's motion is granted and this action is remanded to New York State Supreme Court, Nassau County.

On December 23, 2014, plaintiff filed a mortgage foreclosure complaint against pro se defendant Kevin Harrigan in New York State Supreme Court, Nassau County. Defendant is a citizen of New York. (May 29, 2015 Amended Notice of Removal, ECF No. 10.)

On December 26, 2014, plaintiff served a copy of the complaint on John Harrigan, a member of plaintiff's family, at plaintiff's residence. (Pl.'s May 18, 2015 Ltr., ECF No. 4.) A copy of the complaint was then mailed to defendant at his residence on December 30, 2014. (Id.)

Defendant then filed an answer and counterclaim, which plaintiff received on January 27, 2015. (Id.) On April 22, 2015, defendant filed a notice of removal, citing diversity jurisdiction as the basis for removal. (Notice of Removal, ECF No. 1.)

On May 18, 2015, plaintiff filed a letter requesting a pre-motion conference concerning plaintiff's proposed motion to remand this action back to New York state court. Defendant filed a letter in response as well as an amended notice of removal. In an order dated, July 2, 2015, the

1

Court informed the parties that the Court was construing and treating plaintiff's pre-motion letter as a motion to remand to state court. With the Court's permission, defendant filed an additional brief to the motion.

Plaintiff's motion raises two grounds that compel remand of this suit to state court.

First, plaintiff asserts that the notice of removal filed by defendant was improper because defendant is a citizen of New York. 28 U.S.C. §1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [42 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Remand is warranted under § 1441(b)(2) because defendant is a citizen New York. Accordingly, defendant was not permitted to remove this action to federal court. This ground alone compels remand of this suit back to state court.

Second, plaintiff argues that defendant's notice of removal was untimely because it was filed more than thirty (30) days after he was served with plaintiff's state court complaint. 28 U.S.C. § 1446(b) states:

> notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, service was completed on defendant on December 30, 2015, and defendant served his state court answer on plaintiff on January 27, 2015. And, the parties' diversity of citizenship was apparent from plaintiff's initial pleading. Accordingly, defendant's notice of removal, which was filed on April 22, 2015, was clearly untimely under § 1446(b). This provides another, independent ground, for remand.

Finally, defendant's opposition papers appear to argue that this Court has jurisdiction because his counterclaim involves issues of federal law. Even assuming, for the sake of argument, that the counterclaim does arise under federal law, defendant's assertion of a federal counterclaim does not provide a basis to remove a suit filed in state court. See Calabro v. Aniqa Halal Live Poultry Corp., 650 F.3d 163, 166 (2d Cir. 2011) ("[I]t is well established that a defendant may not evade [the well-pleaded complaint rule] by raising a federal question in its responsive pleadings and then attempting to remove on that basis.").

For the reasons stated above, this suit is hereby remanded back to New York State Supreme Court, Nassau County. The Clerk of Court is directed to close this case.

Dated: March 29, 2016
Central Islip, New York

     /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE